**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUL 22 1998**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

CHRISTOPHER S. CRESPIN,

      Petitioner-Appellant,

v.

RICK A. SOARES, Superintendent,
B.V.C.F.; ATTORNEY GENERAL OF
THE STATE OF COLORADO,

      Respondents-Appellees.

No. 98-1051
(D.C. No. 97-Z-1953)
(D. Colo.)

---

**ORDER AND JUDGMENT**[*]

---

Before **BALDOCK**, **EBEL** and **MURPHY**, Circuit Judges.

---

    Christopher Crespin ("Crespin") was convicted of second-degree murder in a Colorado state court in 1986. (R. #7 at 1.) In September, 1997, he petitioned for a writ of habeas corpus under 28 U.S.C. § 2254, contending that his conviction was invalid because the statute under which he was convicted, Colo.

---

    [*] After examining appellant's brief and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(f) and 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument. This Order and Judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Rev. Stat. § 18-3-103, lacked the clause "Be it enacted by the General Assembly of the State of Colorado," which is required by the Colorado Constitution.  (Id.; R. #1.)  The district court denied his petition and dismissed the action with prejudice.  (R. #7 at 2.)  It then denied his request for a certificate of appealability.  (R. #16.)  Crespin appeals and requests this court to issue a certificate of appealability.

We may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C.A. § 2253(c)(2) (West Supp. 1998).  Crespin has failed to make such a showing.[1] Although he attempts to cast his claim as a violation of his Fourth Amendment rights, in actuality he complains only about alleged violations of the Colorado Constitution and Colorado laws.  Federal habeas relief is available only for violations of the United States Constitution, federal statutes, and treaties, not for violations of state law.  See 28 U.S.C. § 2254; Smith v. Phillips, 455 U.S. 209, 221 (1982); Harvey v. Shillinger, 76 F.3d 1528, 1534 (10th Cir.), cert. denied, 117 S. Ct. 253 (1996); Fero v. Kerby, 39 F.3d 1462, 1474 (10th Cir. 1994).

---

[1]  In addition, we doubt that Crespin, who was convicted in 1986 and whose state post-conviction proceedings apparently ended in April 1995 (R. 1 at 2, 4-5), timely filed his petition under the limitations period applicable to petitions under 28 U.S.C. § 2254.  See 28 U.S.C.A. § 2244(d)(1) (West Supp. 1998).

We DENY Crespin's motion for a certificate of appealability, DENY him permission to proceed <u>in forma pauperis</u>, and DISMISS the appeal.

The mandate shall issue forthwith.

ENTERED FOR THE COURT


David M. Ebel
Circuit Judge